IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KYRA HART,

    Plaintiff,

vs.

GUAYABA SERVICES LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, KYRA HART, sues Defendant, GUAYABA SERVICES LLC, and shows:

### Introduction

1. This is an action by KYRA HART against her former employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 and Florida law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, KYRA HART, (hereinafter "HART") a resident of Hillsborough County, was at all times material, employed by GUAYABA SERVICES LLC, as a retail customer service clerk, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with GUAYABA SERVICES LLC, and was individually engaged in commerce or in the production of goods for commerce.

5. Defendant, GUAYABA SERVICES LLC (hereinafter, "GUAYABA"), is a Florida Limited Liability Company that owns and operates a pet grooming business under the trade name of Woof! Here it is!, located in Tampa, Florida. GUAYABA is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the store where HART was employed.  At all times pertinent to this Complaint, GUAYABA operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and GUAYABA obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

### Count I – Violation of FLSA by Defendant GUAYABA – Overtime

6.     Plaintiff, KYRA HART, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7.     Since on or about August 2014 up to and including November 6, 2020, Defendant GUAYABA has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically HART, since August 2014, has worked in excess of 40 hours during several workweeks, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed, as GUAYABA systematically deducts time from its employees' compensable hours to avoid paying both overtime and regular wages.

8.     The failure to pay overtime compensation to HART is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

9.     GUAYABA's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and HART's status as non-exempt, and it was well aware that HART and other employees were not being paid for all hours worked.

10. HART is entitled pursuant to 29 U.S.C. § 216(b), to recover from GUAYABA:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, KYRA HART, prays that this Court will grant judgment against Defendant GUAYABA:

    a. awarding HART payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding HART an additional equal amount as liquidated damages;

    c. awarding HART her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Count II –Unpaid Wages – Non-Overtime Wages

11. Plaintiff, KYRA HART, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10 above.

12. Due to holidays and other days off, HART may not have worked a full workweek. Accordingly, there may be several workweeks where HART did not work overtime, but still was not paid for all of her hours worked.

13. HART agreed to work for GUAYABA for an hourly rate for all hours worked.

14. The failure to pay HART her agreed upon wage for all hours worked entitles her to be compensated in full for the same.

15. HART is entitled to attorney's fees and costs pursuant to Florida Statutes § 448.08.

WHEREFORE, Plaintiff, KYRA HART, prays that this Court will grant judgment against Defendant GUAYABA:

    a. awarding HART payment of all unpaid wages found by the court to be due to her under the Florida law, including pre-judgment interest;

    b. awarding HART her costs, including a reasonable attorney's fee; and

    c. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: April 26, 2021  
Plantation, Florida

Respectfully submitted,

/s/ Robert S. Norell  
Robert S. Norell, Esq.  
Fla. Bar No. 996777  
E-Mail: rob@floridawagelaw.com  
**ROBERT S. NORELL, P.A.**  
300 N.W. 70th Avenue  
Suite 305  
Plantation, Florida 33317  
Telephone: (954) 617-6017  
Facsimile: (954) 617-6018  
*Counsel for KYRA HART*